UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMANTHA SWAIN,

                            Plaintiff,

          -vs-                    **No. 1:14-CV-00869 (MAT)**
                                              **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Samantha Swain ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted and plaintiff's motion is denied.

## II. Procedural History

Plaintiff initially filed her application for DIB on March 19, 2008. Administrative Transcript ("T.") 214-16. Plaintiff's application was denied, and she requested a hearing before an administrative law judge ("ALJ"), which occurred on May 10, 2010,

before ALJ Marilyn D. Zahm. T. 69-70, 839-74. On June 1, 2010, ALJ Zahm issued a decision in which she found plaintiff not disabled as defined in the Act. T. 98-117. Plaintiff requested review by the Appeals Council, and the Appeals Council subsequently vacated the ALJ's decision and remanded the matter for further proceedings. T. 133-137. A second hearing was held before ALJ Zahm on August 15, 2011. T. 874-901. ALJ Zahm issued a second decision finding plaintiff not disabled on September 14, 2011. T. 28-47. Plaintiff again requested Appeals Council review, and the Appeals Council remanded the matter for additional administrative proceedings a second time. T. 193-197. In its second remand order, issued on October 9, 2012, the Appeals Council instructed the ALJ on remand to "address all the relevant medical evidence, including [a] Match 25, 2011 consultative examination." T. 196.

On March 27, 2013, a third hearing was conducted before ALJ Bruce R. Mazzarella. T. 902-61. Pursuant to the Appeals Council's order, ALJ Mazzarella reopened plaintiff's previously denied May 30, 2007 application for DIB and consolidated plaintiff's subsequent January 28, 2011 applications for DIB and SSI. T. 17. On June 20, 2013, ALJ Mazzarella issued a decision finding plaintiff not disabled from August 24, 2006 (her alleged disability onset date) through the date of the decision. T. 14-27. The Appeals Council denied plaintiff's request for review on August 25,

2014, rendering ALJ Mazzarella's decision the final determination of the Commissioner. T. 7-9. Plaintiff subsequently commenced this action.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2012. T. 20. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 24, 2006, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of mild degenerative disc disease of the back and neck, obesity, diabetes mellitus with possible mild neuropathy in feet, and asthma/bronchitis. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.*

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to: lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit for an 8-hour workday with normal breaks and meal periods; stand and/or walk for an 8-hour workday with normal breaks and meal periods; occasionally stoop, crouch, kneel, or climb stairs; not work in unventilated areas that contain large concentrations of dusts, fumes, gasses or vapors; and not use ladders or scaffolds, work around unprotected heights, or operate dangerous or moving

3

machinery. T. 21. At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a cashier/checker. Accordingly, the ALJ found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Consideration of March 25, 2011 Consultative Examination**

On March 25, 2011, Plaintiff underwent a consultative examination with Dr. Nikita Dave. T. 784-89. Plaintiff told Dr. Dave that she has been in a motor vehicle accident in 2006 resulting in low back pain and right shoulder pain, and that her low back pain was worsened by a subsequent motor vehicle accident in 2009. T. 784. Plaintiff reported being in constant pain, which was exacerbated by twisting and prolonged sitting. *Id*. Plaintiff further reported suffering from insulin-dependent diabetes, "arrythmia," vitamin D deficiency, and insomnia. T. 784-85. Plaintiff reported shopping once per week, cooking twice per week, bathing and dressing as needed, and watching television. T. 785.

4

On physical examination, plaintiff's gait was unremarkable and she could walk on her heels and toes without difficulty. T. 786. Plaintiff squatted halfway, complaining of back and thigh pain, and had moderately antalgic transfers. *Id*.

Dr. Dave observed that plaintiff's musculoskeletal and neurological examination was "abnormal" because plaintiff took a deep breath before each movement and stated that she would "do it if you want me to." T. 786. Dr. Dave described these actions as "interesting" and opined that plaintiff had "questionable motivation" and was "perhaps [seeking] to demonstrate her current complaints, making her perhaps 'dizzy.'" *Id*. Plaintiff had no tenderness or scoliosis. *Id*. She had a slightly increased thoracic kyphosis, and her lumbar spine range of motion was 3 degrees in extension, 40 to 50 degrees in flexion, 15 degrees in lateral flexion, and 25 degrees in rotation. *Id*. Plaintiff had midline tenderness in the L1 to L3-L4 area of her lumbar spine and the bilateral lumbar paraspinal muscles. T. 787. Straight leg raise testing was negative bilaterally, and plaintiff had a full range of motion in her arms and legs. *Id*. An x-ray of plaintiff's lumbosacral spine was normal. T. 787, 789.

Dr. Dave opined that plaintiff had moderate limitations in sudden movements through the lumbar spine; prolonged sitting, standing, or walking; lifting, carrying, pushing, and pulling heavy objects; and repetitive squatting, kneeling, crouching, and

5

crawling. T. 788. Dr. Dave also noted that plaintiff might need to avoid ladders, heights, sharp objects, dangerous equipment, and machinery. *Id.*

In its order daed October 9, 2012, the Appeals Council instructed the ALJ on remand to "address all the relevant medical evidence, including [Dr. Dave's] March 25, 2011 consultative examination." T. 196. Plaintiff argues that the ALJ failed to follow this direction from the Appeals Council and thus committed legal error. The Court disagrees. A review of the ALJ's decision demonstrates that he did in fact consider Dr. Dave's opinion. The ALJ thoroughly summarized Dr. Dave's clinical findings, and found that they were consistent with the "incomplete effort" noted by another consultative physician and inconsistent with the opinion offered by plaintiff's chiropractor. T. 25. Under these circumstances, the Court cannot find that the ALJ failed to "address" the opinion as instructed by the Appeals Council.

It is true that the ALJ did not explicitly state how much weight he gave to Dr. Dave's opinion. However, it is well-established that "the failure to explicitly assign weight to an opinion is harmless in certain situations, such as where the ALJ's decision reflects that the opinion was considered or where the limitations assessed in the opinion are ultimately accounted for in the RFC." *Hazelton v. Comm'r of Soc. Sec.*, 2017 WL 1437194, at *6 (N.D.N.Y. Apr. 21, 2017) (internal quotation omitted); *see also*

6

*Blabac v. Comm'r of Soc. Sec.*, 2009 WL 5167650, at *9 (N.D.N.Y. Dec. 18, 2009) (collecting cases finding harmless error where ALJ did not explicitly assign weight to opinions that either did not conflict with the RFC findings or that would not have changed the outcome of the ALJ's decision). Here, the limitations the ALJ included in the RFC are consistent with the moderate limitations opined by Dr. Dave. With respect to the specific issue of "prolonged sitting, standing, and walking," the ALJ expressly noted that plaintiff would require normal breaks and meal periods. *See Tompkins v. Colvin*, 2015 WL 10382575, at *6 (W.D.N.Y. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 792428 (W.D.N.Y. Mar. 1, 2016) (holding that a "mild to moderate limitation in prolonged sitting and standing is accommodated by the ALJ's limitation to light work as well as normal work breaks"); *Burdick v. Astrue*, 2013 WL 3713417, at *7 (W.D.N.Y. July 12, 2013) (restriction on prolonged sitting and standing was consistent with the full range of sedentary work). Normal work breaks and meal periods split an eight hour workday into approximately two hour periods. *See* SSR 96-9p, 1996 WL 374185 at *6 ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."). Notably, plaintiff's treating spinal surgeon Dr. Huckell also opined that plaintiff was

7

capable of sitting, standing, or walking for up to two hours at one time, and that she could work for up to eight hours. T. 374. Under these circumstances, the ALJ's RFC was supported by substantial evidence, and the failure to explicitly state the weight given to Dr. Dave's opinion was harmless.

**B. Evaluation of plaintiff's past work**

Plaintiff's only other argument in support of her motion is that the ALJ improperly concluded that plaintiff's past work as a cashier was "relevant." Specifically, plaintiff argues that her past work as a cashier was not relevant because it had not been done in the past fifteen years and may not have reached the level of substantial gainful activity. The Commissioner responds that the fifteen year limitation is merely a guideline and that the ALJ was entitled to rely on the testimony of the independent vocational expert ("VE") that plaintiff's employment as a cashier constituted past relevant work. In the alternative, the Commissioner argues that any error was harmless, because the VE testified that even someone with greater limitations than plaintiff (namely, someone who could stand and walk only occasionally and who could lift and carry up to ten pounds only occasionally) would be able to perform the full range of sedentary work. T. 953.

It is well-established that remand is not required where "where application of the correct legal principles to the record could lead to only one conclusion." *Johnson v. Bowen*, 817 F.2d

8

983, 986 (2d Cir. 1987); *see also Johnson v. Comm'r of Soc. Sec.*, 2017 WL 120938, at *15 (N.D.N.Y. Jan. 11, 2017) (error is harmless where "[t]he ultimate result of the ALJ's decision would have been the same even if plaintiff could not perform her prior relevant work"). Here, even had the ALJ concluded that plaintiff could not perform her past relevant work, he still would have been bound to find her not disabled, because the VE testified that plaintiff was capable of performing the full range of sedentary work. *See, e.g., Crawford v. Bowen*, 687 F. Supp. 99, 101 (S.D.N.Y. 1988) (noting that "if plaintiff had the capacity to perform the full range of sedentary work, the medical-vocational guidelines . . . would direct a conclusion of 'not disabled'"); *Abreu v. Astrue*, 2012 WL 4714892, at *6 (S.D.N.Y. Sept. 27, 2012) ("[T]he Guidelines would direct a conclusion of 'not disabled' if Plaintiff had a residual functional capacity for a full range of sedentary work. In promulgating the Guidelines, administrative notice has been taken of the number of unskilled jobs that exist throughout the national economy. . . . [T]he rules take administrative notice of approximately 200 unskilled, sedentary occupations, representing numerous jobs in the national economy.").

Based on the foregoing, even assuming that plaintiff is correct that her past work as a cashier did not qualify as "relevant," remand is not warranted. The ALJ's conclusion that

plaintiff is not disabled would have been the same whether or not she was capable of performing her past work as a cashier.

### V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 13) is denied and the Commissioner's motion (Doc. 15) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record and any legal errors were harmless. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

             **S/Michael A. Telesca**

             HON. MICHAEL A. TELESCA
             United States District Judge

Dated:  June 8, 2017
      Rochester, New York.